UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 21-41678

BRIAN M. BAKER,                               Chapter 7

           Debtor.                                   Judge Thomas J. Tucker

_____/

**ORDER DENYING CHAPTER 7 TRUSTEE'S EX PARTE MOTION
FOR EXTENSION OF TIME TO ASSUME OR REJECT EXECUTORY CONTRACT**

This case is before the Court on the motion filed by the Chapter 7 Trustee, Michael A. Stevenson, to extend the deadline to assume or reject an executory contract (Docket # 26, the "Motion"). The Motion seeks an extension of the 60-day deadline under 11 U.S.C. § 365(d)(1), for the Trustee to assume or reject the Debtor's "land contract for the purchase of the real property located at 15750 Vaugh St., Detroit, Michigan 48223."[1]

The Court must deny the Motion, because it is untimely.

Section 365(d)(1) states:

> In a case under chapter 7 of this title, **if the trustee does not assume or reject an executory contract** or unexpired lease of residential real property or of personal property of the debtor **within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes,** then such contract or lease is deemed rejected.

11 U.S.C. § 365(d)(1) (emphasis added).

The Motion was filed on April 28, 2021. But the 60-day deadline under § 365(d)(1) was April 27, 2021, the date that was 60 days after the February 26, 2021 order for relief in this case.[2]

---

[1] The property address in the Trustee's Motion may be incorrect. The Debtor listed the property address as "15750 Vaughan" in Detroit, not "15750 Vaugh." (See Docket # 11: Schedule A/B, line 1; Schedule C, line 2; Schedule D, line 2.1; Docket # 1 (petition, line 5)).

[2] This case was commenced when the Debtor filed his voluntary Chapter 7 bankruptcy petition, on February 26, 2021, so that was the date of the order for relief. See 11 U.S.C. §§ 301(a) and 301(b).

Section 365(d)(1) permits the Court, for cause, to grant additional time beyond the 60-day period, but the Court must act to "fix" such additional time "within such 60-day period." That did not happen in this case. Rather, the 60-day period expired before the Motion was even filed.

The Court cannot grant additional time now.[3] And under § 365(d)(1), the land contract at issue must be "deemed rejected" as of April 28, 2021. *See generally RPD Holdings, L.L.C. v. Tech Pharmacy Servs.* (*In re Provider Meds, L.L.C.*), 907 F.3d 845, 856-58 (5th Cir. 2018); *Carrico v. Tompkins* (*In re Tompkins*), 95 B.R. 722, 724 (B.A.P. 9th Cir. 1989).

Accordingly,

IT IS ORDERED that the Motion (Docket # 26) is denied.

**Signed on April 30, 2021**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

---

[3] In the title of the Motion, the Trustee mentions Rule 9006, Federal Rules of Bankruptcy Procedure. Rule 9006(b)(1) permits the Court to extend deadlines generally, with certain specific exceptions. But that part of Rule 9006 does not apply to a deadline set by a statute, like § 365(d)(1). It applies only to a deadline set "by these rules or by a notice given thereunder or by order of court." *See* Fed. R. Bankr. P. 9006(b)(1). This is in contrast to Rule 9006(a), which sets certain rules that "apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, **or in any statute that does not specify a method of computing time**." Fed. R. Bankr. P. 9006(a) (emphasis added).